**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**ROBERT CHARLES SWIATLOWSKI,**

                **Plaintiff,**

**v.**

                                    **18-CV-1477-HKS**

**ANDREW SAUL, Acting**
**Commissioner of Social Security,**

                **Defendant.**

_____


**<u>DECISION AND ORDER</u>**

        Plaintiff, Robert Charles Swiatlowski, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied his application for supplemental security income ("SSI") under Title XVI of the Act.  Dkt. No. 1.  This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by the undersigned pursuant to 28 U.S.C. § 636(c).  Dkt. No. 24.


        Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Dkt. Nos. 15, 19.  For the reasons that follow, the Defendant's motion (Dkt. No. 19) is GRANTED and Plaintiff's motion (Dkt. No. 15) is DENIED.

## BACKGROUND

On February 19, 2015, Plaintiff protectively filed an application for SSI with the Social Security Administration ("SSA") alleging disability since September 5, 2013, due to:  epilepsy; scoliosis; mood disorder (unspecified); and severe vitamin D deficiency.  Tr.[1] 121-126, 133-143.  On July 15, 2015, Plaintiff's claim was denied by the SSA at the initial level and he requested review.  Tr. 68-73, 76-86.  On August 29, 2017, Plaintiff appeared with his attorney and testified along with a vocational expert ("VE") before Administrative Law Judge, Paul Georger ("the ALJ").  Tr. 26-55.  On November 29, 2017, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act.  Tr. 9-25.  Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on October 23, 2018. Tr. 1-6.  Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision.  Dkt. No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

---

[1] References to "Tr." are to the administrative record in this matter.  Dkt. No. 8.

adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20

C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's

residual functional capacity ("RFC"), which is the ability to perform physical or mental

work activities on a sustained basis, notwithstanding limitations for collective

impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the

claimant's RFC permits him or her to perform the requirements of his or her past

relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements,

then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth

and final step, wherein the burden shifts to the Commissioner to demonstrate that the

claimant "retains a residual functional capacity to perform the alternative substantial

gainful work which exists in the national economy" in light of his or her age, education,

and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation

marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the

process described above.  At step one, the ALJ found Plaintiff had not engaged in

substantial gainful activity since February 19, 2015, the application date.  Tr. 14.   At

step two, the ALJ found Plaintiff has the following severe impairments:  seizure disorder

and mood disorder.  *Id.*  Also, at step two, the ALJ found Plaintiff's scoliosis, alleged

back pain, and insomnia were non-severe impairments.  Tr. 14-15.  At step three, the

ALJ found that these impairments, alone or in combination, did not meet or medically equal any listings impairment.  Tr. 16-17.

Next, the ALJ determined Plaintiff retained the RFC to perform medium work.[2]  Tr. 17-20.  Specifically, the ALJ found Plaintiff can lift, carry, push, and pull 25 pounds frequently and 50 pounds occasionally; sit, stand, and walk six hours in an eight-hour workday; occasionally stoop, crouch, and crawl; occasionally work in or around unprotected heights, moving mechanical parts, operate a motor vehicle, and in or around odors, fumes, and pulmonary irritants; occasionally respond appropriately to supervisors, co-workers, and the public; and, occasionally make simple work-related decisions.  Tr. 17.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 20.  At step five, based on the VE's testimony in consideration of Plaintiff's age, education, work experience, and RFC; the ALJ concluded that Plaintiff was capable of performing other work existing in significant numbers in the national economy.  Tr. 21-22. Specifically, the ALJ found Plaintiff could perform the following jobs:  "Kitchen Porter," "Dining Room Attendant," and "Commercial Laundry Worker."  Tr. 21.  Accordingly, the ALJ found Plaintiff was not disabled under the Act from February 19, 2015, through November 29, 2017.  Tr. 22.

---

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.  20 C.F.R. 416.967(c).

## II.      Analysis

Plaintiff argues that remand is warranted because the ALJ erred in evaluating the medical opinion evidence in determining Plaintiff's mental RFC.  Dkt. No. 15 at 1.  The Commissioner contends the ALJ's decision should be affirmed where it is free from legal error and is supported by substantial evidence.  Dkt. No. 19 at 5.  This Court agrees with the Commissioner for the reasons that follow.

Plaintiff argues the ALJ improperly rejected the medical opinion from his treating neuropsychologist by failing to provide good reasons in support of the weight accorded to the opinion.  Dkt. No. 15 at 9-13.

Under Second Circuit precedent and the applicable Social Security Regulations, an ALJ must follow a two-step procedure in evaluating the medical opinion of a treating physician.  *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019).  First, the ALJ determines whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record."  *Id.*  If these criteria are satisfied, then the opinion is "entitled to controlling weight."  *Id.*  If not, then the ALJ proceeds to the second step, determining "how much weight, if any, to give" the opinion.  *Id.* Specifically, at step two the ALJ must consider the following factors: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist."  *Id.* at 95-96 (citing *Selian v. Astrue*, 708 F.3d

6

409, 418 (2d Cir.2013) (per curiam) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir.2008) (citing 20 C.F.R. § 404.1527(c)(2)))).  The ALJ must provide "good reasons" regarding the weight assigned to a treating physician's medical opinion at both steps. *Id.* at 96. (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir.2004) (per curiam) (quoting 20 C.F.R. § 404.1527(c)(2))).

"An ALJ's failure to 'explicitly' apply the Burgess factors when assigning weight" to a treating physician's opinion that has not been accorded controlling weight at step two is a "procedural error."  *Estrella*, 925 F.3d at 96.  Unless the ALJ has "otherwise provided good reasons" for the weight assigned, "[the Court] will be unable to conclude that the error was harmless and [will] consequently remand for the ALJ to comprehensively set forth [good] reasons."  *Id.* However, if "a searching review of the record assures [the Court] that the substance of the treating physician rule was not traversed, [the Court] will affirm."  *Id.*

On March 31, 2015, a neuropsychiatrist from DENT Neurologic Institute completed a "Medical Examination for Employability Assessment, Disability Screening, and Alcoholism/Drug Addiction" form on behalf of the plaintiff for the New York State Office of Temporary and Disability Assistance.  Tr. 476-77.  The doctor noted Plaintiff suffered from Mood Disorder (NOS) and Insomnia since September 25, 2013; and opined Plaintiff would be moderately limited in understanding, remembering, and carrying out instructions, interacting appropriately with others, and maintaining socially appropriate behavior without exhibiting behavioral extremes.  Tr. 476-477.  He also

opined Plaintiff would be very limited with maintaining attention, concentration, and functioning at a consistent pace in a work settling; but would have no limitations with making simple decisions and maintain basic standards of personal hygiene and grooming.  *Id.*

The ALJ acknowledged Plaintiff's treating neuropsychiatrist authored the opinion and accorded it "some weight" in support of his mental RFC determination.  Tr. 19.  The ALJ specified that he limited Plaintiff to making simple work-related decisions but explained that he discounted the remainder of the opinion where treatment notes from the doctor from 2013 to 2015 (citing Tr. 478-530) did not support the level of severity indicated by the opinion.  *Id.*

Here, Plaintiff contends the ALJ's reasoning is "inadequate" because the ALJ failed to cite to a specific treatment note in support of his conclusion that the level of severity indicated by the treating neuropsychiatrist was unsupported by the record.  Dkt. No. 15 at 11.  However, upon further review of the record, this Court finds the ALJ's conclusion is supported by substantial evidence.

For example, in his decision the ALJ observed that the record reflected Plaintiff repeatedly reported little to no difficulty with concentration (citing Tr. 326, 415, 485, 498), whereas Plaintiff's neuropsychiatrist opined Plaintiff was very limited in this category (citing Tr. 477).  Tr. 16.  The ALJ also observed that although Plaintiff's seizure activity has been linked to his mood disorder by his medical providers at the DENT

institute (citing Tr. 483), Plaintiff's mood was stable when he was compliant with medication (citing Tr. 428, 523) and the record reflected mood stability throughout the relevant period.  Tr. 19. (citing Tr. 354, 427, 487, 523, 541).

Here, the ALJ properly considered the "amount of medical evidence supporting the opinion," reviewing Plaintiff's treatment records with the DENT neuropsychiatrist and concluding the doctor's objective findings on examination of Plaintiff did not fully support the level of severity of the doctor's opinion.  Tr. 22-29, *see Estrella* 925 F.3d at 95; *See also Monroe v. Commissioner of Social Security*, 676 Fed. App'x 5, 7 (2d Cir.2017) (ALJ's decision to give less than controlling weight to the treating physician's opinion was proper where the doctor's treatment notes conflicted with his RFC assessment.).

Plaintiff also contends the mental RFC is unsupported by substantial evidence where the ALJ failed to explain how he ascertained Plaintiff's limitations with: maintaining attention/concentration, functioning in a work setting at a consistent pace, understanding, remembering, and carrying out instructions, interacting appropriately with others, and maintaining socially appropriate behavior without exhibiting behavioral extremes; despite discounting the treating opinion.  Dkt. No. 15 at 12.

However, the ALJ also considered a medical opinion from consultative examiner Gregory Fabiano, Ph.D. ("Dr. Fabiano") in determining Plaintiff's mental RFC. Tr. 19-20.  Dr. Fabiano conducted a psychiatric examination of Plaintiff on June 22,

2015.  Tr. 325-330.  Dr. Fabiano noted Plaintiff's reports of sporadic treatment with a psychiatrist at the Dent Institute and past hospitalizations for seizures.  Tr. 325.  He also noted that Plaintiff denied clinically significant levels of depression, homicidal or suicidal ideation, excessive apprehension and worry, PTSD, panic, mania, or a thought disorder; but reported memory problems and that he has the "fear of fear."  Tr. 325-26.  The doctor also noted Plaintiff's reported self-medication marijuana use for pain relief.  Tr. 325.

Dr. Fabiano opined that Plaintiff does not appear to have any limitations in his ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular work schedule, learn new tasks, perform complex tasks independently, and make appropriate decisions.  Tr. 328.  Dr. Fabiano opined that Plaintiff appeared to have some mild limitations in his ability to relate adequately with others and appropriately deal with stress.  *Id.*  The doctor also noted that the examination results were not consistent with psychiatric problems that would be significant enough to interfere with Plaintiff's ability to function on a daily basis.  Tr. 328.  Additionally, Dr. Fabiano recommended that Plaintiff undergo a drug treatment evaluation and seek individual cognitive behavioral therapy and appropriate psychiatric treatment, should he experience any mood dysregulation.  Tr. 328.

The ALJ accorded "great weight" to Dr. Fabiano's opinion, explaining that it is based on a thorough examination that included objective memory testing performed

by an acceptable medical source with program knowledge, and is consistent with the record as a whole.  Tr. 20.  The ALJ specified that he relied on the opinion in limiting Plaintiff to occasionally make simple work-related decisions and respond appropriately to supervisors, co-workers, and the public.  Tr. 20.  Accordingly, this Court finds the ALJ properly considered Dr. Fabiano's opinion.

Lastly, the ALJ also concluded Plaintiff's allegations of the nature, intensity, persistence, and limiting effects of his symptoms were inconsistent with the medical signs, laboratory findings and/or other evidence of record—a finding Plaintiff does not challenge.  Tr. 18.  Here, the ALJ explicitly considered Plaintiff's reported activities of daily living, noting that Plaintiff can cook for himself, clean his room, do laundry, and go shopping.  Tr. 19.  The ALJ recounted Plaintiff's testimony that he spends the day on the computer looking for work and watches television.  *Id.*

Therefore, this Court finds the ALJ properly considered the medical opinion evidence in evaluating Plaintiff's mental RFC and that the weight he accorded each opinion is supported by substantial evidence.  *See Matta v. Astrue,* 508 F. App'x. 53, 56 (2d Cir. 2013) (summary order) (An ALJ's conclusion need not perfectly correspond with any of the opinions of medical sources cited in his decision).

**CONCLUSION**

For these reasons, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 19) is GRANTED.  Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 15) is DENIED.  The Clerk of Court shall enter judgment and close this case.


**SO ORDERED.**

DATED:      Buffalo, New York
            April 29, 2020


                                    *S/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**